UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRENTON DESGRANGE, Individually and
for Others Similarly Situated

        Plaintiff,

vs.

SPARROW HEALTH SYSTEM d/b/a
UNIVERSITY OF MICHIGAN HEALTH-
SPARROW,

        Defendant.

Case No. 23-cv-1040
Hon. Robert J. Jonker
Hon. Phillip J. Green

---

## JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AGREEMENT AND TO DISMISS THE CASE WITH PREJUDICE

NOW COMES the parties, Plaintiff Brenton Desgrange ("Desgrange") and Defendant Sparrow Health System ("Sparrow"), (collectively, the "Parties") by their undersigned counsel, and file this Joint Motion for the Court's Approval of the Parties' FLSA Settlement Agreement. In support of this Motion, the Parties state as follows:

1. This Joint Motion is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. This lawsuit is a FLSA collective action in which Desgrange, on behalf of himself (and allegedly others similarly situated) alleges Sparrow did not compensate him properly under the Act. Specifically, he alleges unpaid overtime wages for work conducted during meal breaks as well as a failure by Sparrow to institute a proper time rounding system.

3. Plaintiff Desgrange is a former Sparrow employee.

4. On October 3, 2024, Desgrange filed his asserted FLSA collective action complaint. (ECF No. 4).

5. On December 13, 2024, the Court issued its First Case Management Order, setting forth a Motion for Court-Authorized Notice deadline of March 15, 2024 and a discovery end date of August 31, 2024.

6. The Parties initiated discovery by exchanging written discovery.

7. In April of 2024, in advance of a court hearing on pending discovery issues, significant additional discovery and incurring the significant costs of such discovery practice, the Parties engaged in settlement negotiations through their counsel over the course of multiple days.

8. The Parties successfully negotiated the material terms of a settlement agreement that would resolve the lawsuit.

9. The settlement reached is based on a full understanding by the Parties of their respective positions and the risk/benefits to concluding this action as compared to continuing the action.

10. The Parties jointly prepared a Settlement Agreement to include all material terms and conditions and are now seeking the Court's approval of the Settlement Agreement and dismissal of the lawsuit with prejudice.

11. The brief and Settlement Agreement filed with this Motion provides a fulsome understanding of the terms of the negotiated agreement between the Parties.

12. The Parties, who are represented by counsel, agree that the proposed Settlement Agreement represents a reasonable compromise of a bona fide dispute of Plaintiff Desgrange's FLSA claims.

WHEREFORE, the Parties, by their undersigned counsel, respectfully request the Court to grant their Joint Motion and enter an Order approving the Settlement Agreement and dismissing the case with prejudice and without further costs or fees to either party.

**Respectfully submitted on May 15, 2024.**

**Stipulated as to form and content:**

| | |
|---|---|
| By: /s/ *William M. Hogg* (with permission)<br>William M. Hogg (TX Bar No. 24087733)<br>Josephson Dunlap LLP<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>(732) 352-1100<br>whogg@Mybackwages.com<br>*Attorneys for Plaintiff* | By: */s/ Ashley N. Higginson*<br>Ashley N. Higginson (P83992)<br>Miller, Canfield, Paddock and Stone, PLC<br>One Michigan Ave. Suite 900<br>Lansing, MI 48933<br>(517)483-4918<br>higginson@millercanfield.com<br>*Attorneys for Defendant* |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRENTON DESGRANGE, Individually and
for Others Similarly Situated

        Plaintiff,           Case No. 23-cv-1040

vs.           Hon. Robert J. Jonker

SPARROW HEALTH SYSTEM d/b/a
UNIVERSITY OF MICHIGAN HEALTH-
SPARROW,

        Defendant.

---

**BRIEF IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AGREEMENT AND TO DISMISS THE CASE WITH PREJUDICE**

The Parties, Plaintiff Brenton Desgrange ("Plaintiff" or "Desgrange") and Defendant Sparrow Health System ("Defendant" or "Sparrow"), (collectively, the "Parties") by their undersigned counsel, hereby file this Brief in support of their Joint Motion for Court Approval of FLSA Settlement Agreement and to Dismiss the Case with Prejudice. The Parties' Settlement Agreement is attached hereto as **Exhibit 1**.

### FACTUAL BACKGROUND

Plaintiff filed this action on October 3, 2023 on behalf of himself and those allegedly similarly situated. His Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Plaintiff, a former employee of Defendant, alleges unpaid overtime wages related to work allegedly performed during meal breaks as well as a failure by Defendant to properly institute a neutral rounding timekeeping system.

Defendant wholly denies the claims brought by Plaintiff. In summary, Defendant states that Plaintiff has failed to identify any compensable work activities for which he was not paid.

Additionally, Defendant argues that it had a policy in place by which Plaintiff and other hourly employees could inform Defendant of any compensable work activities in which they engaged during meal breaks that were not captured in their time clock record. Further, Defendant argues that Plaintiff's rounding claim fails as Plaintiff *benefitted* from Defendant's rounding policy. By joining in this Motion, Plaintiff neither admits nor concedes Defendant's positions with respect to the underlying merits of the claims.

While the Parties do not agree on the facts and disagree upon the degree of liability (if any) on the part of the Defendant Sparrow, in evaluating and understanding the uncertainty and extensive cost of continued litigation, an amicable settlement was reached between the Parties. The settlement was reduced to a Settlement Agreement. (**Exhibit 1**.)

## MEMORANDUM OF LAW

The Sixth Circuit has yet to rule definitively on the question, but appears to presume that as a general rule, claims under the FLSA "may not be settled without supervision of either the Secretary of Labor or a district court." *Cruz v. Don Pancho Mkt., LLC,* 2016 WL 4531142, at *2 (W.D. Mich. Aug. 23, 2016), citing *Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (other citations omitted).

Assuming approval is required, where a settlement of a Plaintiff's FLSA suit is a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,* 679 F.2d at 1354. In determining whether to approve a settlement agreement, the reviewing Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*; *Smolinski v. Ruben & Michelle Enterprises Inc.,* 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). Courts therefore consider the following factors: (1) the existence of fraud or collusion

2

behind the settlement; (2) the complexity, expense and lengthy duration of the litigation; (3) the state of the proceedings; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the "public interest." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 894–95 (6th Cir. 2019).[1] The inclusion of a general release of claims within the same settlement agreement will typically not bar the Court's approval if a separate sum is allocated for the general release. See, e.g., *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1178–79 (S.D. Cal. 2016).

The Parties request that the Court approve the Settlement Agreement here because it constitutes a fair and reasonable resolution to this dispute.

**1.      There is No Existence of Fraud of Collusion Behind the Settlement.**

The Parties have entered into the Settlement Agreement pursuant to an arms-length negotiation between their respective counsel, not as the product of fraud or collusion. Both Parties were represented by experienced counsel of their choosing.

Further, the Settlement Agreement provides Plaintiff with a fair and proportioned amount of their disputed overtime wages and reasonable payment for attorneys' fees and costs, in addition to additional consideration for a general release of claims. Any amount apportioned to Plaintiff's counsel for attorneys' fees and costs was calculated by Plaintiff and his counsel. The Parties'

---

[1] Courts also consider the "opinions of class counsel and class representatives," and the "reaction of absent class members". *Id.* Here, these factors need not be assessed given Plaintiff and his counsel are jointly filing this motion and as such, obviously agree with the proposed Settlement Agreement. Further, there are no "absent" class members as this is an FLSA collective action, the settlement is purely in Plaintiff's individual capacity and does not seek to resolve the claims of any potential opt-in plaintiffs, and no court authorized notice was ever sought or approved. Even if notice was approved, an FLSA collective action would require Plaintiffs to opt-in to the lawsuit and acknowledge that they are bound by the adjudication of the lawsuit and the determinations of Plaintiff as class representative. Because this is a settlement of Plaintiff's individual claims only, that is not an issue here.

Settlement Agreement also eliminates the risks and costs of continued litigation, which could result in the Plaintiffs obtaining no recovery. For all these reasons, the record supports a finding that the Agreement constitutes a fair and reasonable resolution to the lawsuit and that it is not indicative of fraud or collusion.

### 2. The Complexity, Expense, and Duration of the Litigation.

The complexity, expense, and time associated with litigating this matter also significantly weighs in favor of this settlement. The litigation of the legal and factual issues underlying this dispute have already required significant time and expense for all Parties and will continue to do so if litigation drags on. The Parties have entered in into a Settlement Agreement prior to any request for court authorized notice or depositions. Additional written discovery, further extensive review of Plaintiff's time records, and significant briefing would also still be required, incurring significant cost and expense. Moreover, if the Parties were required to move forward with trial preparation, additional costs would be incurred and it is likely this case would continue for many more months, if not years. For all these reasons, this proposed Settlement Agreement is a reasonable manner by which to minimize additional time, risks, and litigation costs.

### 3. The State of the Lawsuit's Proceedings.

As set forth above, the Parties engaged in the initial exchange of written discovery prior to entering into a Settlement Agreement.

The Parties used the information exchanged to evaluate their respective claims and defenses in negotiating an informed and reasonable settlement of this lawsuit. Further still, the Parties have been able to enter into this agreement *prior to* additional discovery, including depositions, which would significantly balloon the fees and costs associated with this matter. As

such, resolution of the lawsuit at this stage in the proceedings points in favor of a fair and reasonable resolution.

### 4.    Probability of Success on the Merits and Range of Possible Recovery.

With respect to the probability of success and the range of possible recovery, the Parties acknowledge that their respective positions are complex, directly in conflict with one another, and inherently uncertain due to factual disputes and legal theories. Ultimately, continued discovery and motion practice would likely result in significant attorneys' fees and therefore must be considered in resolving the matter, considering the damages available to Plaintiff.

It is Plaintiff's position that he performed compensable work activities during his thirty-minute meal break. Defendant argues that it has a policy in place that should have been utilized by Plaintiff (which he failed to use) if he was ever unable to take a bona fide meal break or engaged in work activities during his meal break. Defendant believes that written discovery evidences that Plaintiff should be required to concede any rounding claim, as he indisputably benefited from Defendant's rounding protocol during the allegedly relevant time period at issue. Thus, the predominant remaining factual and legal issue is Plaintiff's claim for wages for alleged meal period work activities.

The Parties disagree on Plaintiffs' likelihood of success on the merits. Even assuming Plaintiffs' likelihood of success is high (which Defendant vigorously disputes), however, the amount of potential recovery at issue makes resolution of the case at this stage reasonable and sensible. Based on his Complaint and discovery responses, Plaintiff claims the amount he should be awarded is approximately thirty minutes per shift. The maximum recovery, assuming Plaintiff: (1) was due and owing 30 minutes of overtime for every meal break (i.e., approximately 5 days a week, 50 weeks a year); (2) was awarded a three year look back by the Court under the FLSA; and

5

(3) was awarded liquidated damages by the Court is approximately $42,000 damages. The maximum recovery for a two-year period without liquidated damages, again assuming lunch repayment *every day*, is approximately $14,000. Defendant argues Plaintiff is entitled to nothing.

The settlement negotiated provides Plaintiff with consideration well within the range of potential recovery and *additional* consideration for a general release of claims. Despite Defendant's denial of all of Plaintiff's claims and belief that Plaintiff is not entitled to any damages, Defendant supports this resolution and result because it eliminates the uncertainties, risks, and cost of further litigation and appeals.

Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

### 5.     The Public Interest.

Courts have held that "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003). Courts have also found that the enforcing the FLSA furthers an important interest in "encouraging employees and others to ensure that employers comply with laws governing employment." *Levan v. Sears, Roebuck & Co.*, 984 F. Supp. 2d 855, 871 (E.D. Tenn. 2013). Here, as in *Deja Vu Servs,* this Settlement Agreement achieves both purposes, because it "puts an end to 'potentially long and protracted litigation'," while also providing Plaintiff "wages and legal protections" under the FLSA. *Id.* 925 F.3d at 899. Thus, this factor also weighs in favor of approving the Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by

the defendant, and costs of the action." 29 U.S.C. § 216(b). The amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

A negotiated fee is preferred because it prevents attorneys' fees from becoming "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Courts therefore have "a responsibility to encourage agreement" on fees where possible. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984); *see also Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*, 954 F. Supp. 1000, 1005 (D.N.J. 1997) (granting counsel the maximum amount of fees agreed to by the defendant under the settlement agreement where "class members ... retain all that the settlement provides [and] they do not lose any of the negotiated benefits on account of an attorneys' fee and costs award that equals the 'cap' on such an award set forth in the settlement").

Plaintiff argues that the proposed attorneys' fees and costs are reasonable given the legal theories presented in the case and the amount of resources expended to investigate, research, analyze, and prepare Plaintiff's claims for litigation. Specifically, Plaintiff's Counsel spent a significant amount of time investigating the potential claims, drafting pleadings, engaging in written discovery, corresponding with Defendant's counsel, reviewing documents related to Plaintiff's theory in this case, considering a damage model, negotiating the Settlement Agreement, and filing this motion. These activities are necessarily time consuming. The proposed attorneys' fees and costs to be awarded in the settlement are also reasonable when compared to Plaintiff's Counsel's estimated lodestar calculation. (*See* **Exhibits 2 & 3**).

The consideration to be paid under the Settlement Agreement has been allocated based on Plaintiff's counsel's determination of the relative strengths of the claim and was approved by the Plaintiff and his attorneys independently from any communication with Defendant. Plaintiffs'

counsel has submitted a Declaration in support of the negotiated attorneys' fees and costs. (**Exhibit 2**, Hogg Declaration).

Defendant takes no position on Plaintiffs' request for the attorneys' fees and costs provided in the Settlement Agreement per the agreement's terms.

## CONCLUSION

For the reasons stated above, the Parties request that the Court enter an Order granting their Joint Motion approving the Settlement Agreement, and dismissing the entire action with prejudice and without further costs or attorney's fees.

**Respectfully submitted on May 15, 2024.**

By: /s/ *William M. Hogg* (with permission)
William M. Hogg (TX Bar No. 24087733)
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(732) 352-1100
whogg@Mybackwages.com
*Attorneys for Plaintiff*

By: */s/ Ashley N. Higginson*
Ashley N. Higginson (P83992)
Miller, Canfield, Paddock and Stone, PLC
One Michigan Ave. Suite 900
Lansing, MI 48933
(517)483-4918
higginson@millercanfield.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By: *s/ Ashley N. Higginson*
Ashley N. Higginson

8